CHANCERY.

Case 104.

## Kirkpatrick *vs* Wherritt, assignee, &c.

APPEAL FROM THE HARRISON CIRCUIT.

*Usury. Surety.*

June 25.

JUDGE SIMPSON delivered the opinion of the Court.

A surety who has paid usury for his principal, has the right to sue for and reclaim it, unless he has been repaid the money which he paid.

WILLIAMS, the surety of Lair in the debt to Kirkpatrick, having paid the debt, had alone the right to demand and sue for, any usury that it contained. Wherritt, as assignee, of Lair, who became a bankrupt, was only invested with the same right to this usury, that Lair the bankrupt had.

The security having paid the usury, has a right to reclaim it, unless he has been re-paid by his principal, or has in his hands, belonging to his principal, the means of re-payment, or has done some act by which he has divested himself of this right.

It is not pretended that Williams has had this money refunded to him from any quarter. The mortgage executed by Lair to indemnify him on account of this suretyship and other liabilities, is wholly insufficient for that purpose, it being proved that it will not pay more than half the amount.

What claim then has the assignee in bankruptcy to this usury? It appears that he has executed a release to Williams of all claim to the mortgaged property and Williams has released to him all claim against the estate of the bankrupt. The substance of this arrangement is, that the assignee deeming the property mortgaged insufficient to pay the debts, and the equity of redemption of no value, has released it; and that Williams, in consideration thereof, has released the balance of his demands against the bankrupt, that may remain unpaid after the mortgage

property is exhausted. This can give the assignee no equity to this fund. If the property mortgaged had been equal to the debts secured, then it is true, the money paid by the security should be regarded as refunded, and the principal debtor entitled, in equity, to all the usury paid. If Kirkpatrick has received money, that in equity he ought not to retain, out of whose pocket has it been taken? Not out of Lair's—neither his money nor his property has gone that way. Williams has sustained the loss. What reason is there, that he should not have this money refunded? He has not transferred to the assignee his right to it; he has not been repaid; the loss is his. If it should be paid to the assignee, he gets that amount that never belonged to the bankrupt's estate, and that Lair himself would not have a shadow of claim to, were he in a condition to assert his own rights. Any equity that the assignee would have to this fund, must be derived directly or indirectly from Williams, who was consequently a necessary party. If he had been brought before the Court and required to foreclose the mortgage and the property embraced by it, had upon foreclosure, satisfied in full the debt he paid Kirkpatrick, as well as the other liabilities it secures, then the complainant would have an available equity.

The assignee in bankruptcy having brought this suit for the usury, and the Circuit Court having rendered a decree in his favor, it is erroneous and must be reversed, and cause remanded, with directions to dismiss the complainant's bill without prejudice, unless he chooses to amend his bill and bring Williams before the Court, for the purpose herein suggested.

*Wall* for appellant; *Curry* for appellee.